# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
August 30, 2018

Lyle W. Cayce
Clerk

_____

No. 16-50408
Summary Calendar
_____

SEALED APPELLEE,

Plaintiff - Appellee

v.

SEALED APPELLANT,

Defendant - Appellant

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-302-1
_____

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BENAVIDES, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Appellant appealed the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines, which lowered the base offense levels in the drug quantity table of U.S.S.G. § 2D1.1(c).   Relying on our precedent, this

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Court affirmed the district court's judgment. *Sealed Appellee v Sealed Appellant*, 695 F. App'x 72 (5th Cir. 2017). The Supreme Court granted Appellant's petition for writ of certiorari and vacated our judgment and remanded the case to us for further consideration in light of *Hughes v. United States,* 138 S. Ct. 1765 (2018). *Sealed Appellant v. Sealed Appellee,* __ S. Ct. __, 2018 WL 2767656 (Mem.) (June 4, 2018). Upon remand, in an abundance of caution, we requested supplemental briefing from the parties with respect to the applicability of the Supreme Court's decisions in *Hughes,* 138 S. Ct. 1765, and *Koons v. United States,* 138 S. Ct. 1783 (2018). Both parties have responded. The government concedes, and we agree, that under *Hughes,* the district court had to consider the Guidelines range. Thus, because the Appellant's Guidelines range was part of the framework the district court relied upon in imposing sentence, the sentence was "based on" the Guidelines range. The government also concedes, and we agree, that any exception that might exist under *Koons* is inapplicable. Finally, the government concedes, and we agree, that the record does not clearly demonstrate that the district court would have imposed the same sentence regardless of the Guidelines range.

For the above reasons, we GRANT the Appellee's unopposed motion to VACATE the district court's order denying the motion for reduction of sentence. Further, we GRANT the Appellee's unopposed motion to REMAND the case to the district court for reconsideration in light of *Hughes,* 138 S. Ct. 1765. VACATED and REMANDED.