**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

THE UNITED STATES OF AMERICA : 
: Crim. No. 2010-CR-00265 (RCL)
v. :
:
CURTIS HOUSTON :
:

## MEMORANDUM OPINION AND ORDER

Before the Court are defendant Curtis Houston's motion [264] and supplemental motion [279] seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), and based upon the retroactive application of Amendment 782 of the United States Sentencing Guidelines (the "Guidelines"). After considering the motion, the entire record herein, and the applicable law, the Court will **DENY** his motion.

## BACKGROUND

On September 23, 2011, defendant Houston pleaded guilty to one count of Conspiracy to Distribute and Possess With Intent to Distribute cocaine, in contravention of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), pursuant to Fed. R. Crim. P. 11(c)(1)(C). Plea Agreement, ECF No. 135 ¶ 1.

In accepting the terms of his plea agreement, defendant Houston both acknowledged that he was "accountable for more than 280 grams of cocaine base but less than 840 grams of cocaine base, . . . and more than 5 kilograms of cocaine but less than 15 kilograms of cocaine," which together represented "the total amount involved in [his] relevant criminal conduct." *Id.* ¶ 2. He and the Government separately agreed that "a sentence of 14 years (168 months) of imprisonment

1

[was] the appropriate sentence for this offense." *Id.* ¶ 3. Further, defendant Houston and the Government agreed as follows:

> Should the Court not agree that the sentence agreed upon by the parties is appropriate, and [if defendant Houston] does not withdraw his plea, [he] and the Government agree to the following: [Defendant Houston] will be sentenced according to Title 18, United States Code, Sections 3553(a) and 3553(c) through (f) and upon consideration of the United States Sentencing Guidelines.

*Id.* ¶ 5.

On April 30, 2014, the U.S. Sentencing Commission ("the Commission") submitted to Congress Amendment 782 of the Guidelines, proposing a downward revision to the applicable sentencing ranges for drug trafficking offenses. The Commission then passed Amendment 788 to allow Amendment 782's revisions to be applied retroactively, and on November 1, 2014, Amendment 782 and its retroactive application became effective. In his current motion, defendant Houston seeks relief under these amended provisions of the Sentencing Guidelines.

## DISCUSSION

To grant a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), two separate conditions must exist. A prisoner must (1) be eligible for the requested reduction and (2) early release must be warranted. *Dillon v. United States*, 560 U.S. 817, 827 (2010). Defendant Houston fails to meet the second of these requirements because the facts of this case do not warrant early release in accordance with any of the factors set forth in 18 U.S.C. § 3553(a). *See id.* § 3582(c)(2) (the Court may reduce the term of imprisonment "on its own motion," but must consider and weigh the factors set forth in § 3553(a)).

      i.    *Defendant Houston's sentence was based upon the Sentencing Guidelines.*

In *United States v. Epps*, 707 F.3d 337, 352 (D.C. Cir. 2013), the D.C. Circuit explained that under § 3582(c)(2), a prisoner who had entered into a Rule 11(c)(1)(C) plea agreement is eligible for a sentence reduction if his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* (citing 18 U.S.C. § 3582(c)(2)'s standard for a sentence reduction). The opinion applied and interpreted *Freeman v. United States*, 564 U.S. 522 (2011), where a plurality of the Supreme Court explained that plea agreements do not automatically disqualify a defendant for relief under § 3582(c)(2). The D.C. Circuit reasoned specifically that, to determine whether a defendant's term of incarceration was "based on" a specific Guidelines range, courts should focus on "the reasons given by the district court for accepting the sentence that was ultimately imposed." *Epps*, 707 F.3d at 351.

The *Epps* reasoning no longer controls this inquiry. Last Term, in *Hughes v. United States*, the Supreme Court modified the *Freeman* plurality, explaining that because the "Sentencing Guidelines prohibit district courts from accepting [Rule 11(c)(1)(C)] agreements without first evaluating the recommended sentence in light of the defendant's Guidelines range, . . . the court's acceptance of a Type-C agreement and the sentence to be imposed pursuant to that agreement are" necessarily "'based on' the defendant's Guidelines range." *Hughes v. United States*, 138 S. Ct. 1765, 1776 (2018).

At defendant Houston's sentencing hearing, the Government presented an allocution and requested the Court to "accept *the 11(c)(1)(C)* agreed-upon time" to which it and defendant Houston agreed, "which is a sentence of 168 months." Tr. of Feb. 28, 2012 Sentencing at 3:16–19 (emphasis added). The Government thus acknowledged, on the record, that the agreed sentence was in accord with the Sentencing Guidelines. Furthermore, defendant's counsel correctly noted, on the record, that "168 months is the low end of the [Guidelines] range." *Id.* at 5:05-06. The

3

Government did not dispute this assertion. *See id.* The Court imposed the agreed-upon sentence of 168 months. *Id.* at 6:19. *See also* U.S.S.G. § 6B1.2(c) (courts must evaluate the recommended sentence in light of the defendant's Guidelines range).

The Government thus does not, and cannot, dispute that the Guidelines range was "'a relevant part of the analytic framework'" that this Court used to approve defendant Houston's 11(c)(1)(C) agreement. *Hughes*, 138 S. Ct. at 1776 (quoting *Freeman*, 564 U.S. at 530). This is necessarily so because the Sentencing Reform Act itself requires this Court to calculate and consider the Guidelines range in every case. *See* 18 U.S.C. § 3553(a). Even where a "judge uses the sentencing range as the beginning point to explain [a] decision to deviate from it," the Supreme Court has explained that "'the Guidelines are in a real sense the basis for the sentence.'" *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016) (quoting *Peugh v. United States*, 569 U.S. 530, 542 (2013)).

Indeed, the Government's Memorandum in Aid of Sentencing unequivocally urged this Court to adopt a sentence of 168 months "[p]ursuant to Rule 11(c)(1)(C)," explaining that "the parties agree[d] that a sentence of 168 months" was appropriate, and that the "defendant's guideline range is 168 to 210 months." ECF No. 171, at 3. And while it is true that "the Guidelines are advisory only, and so not every sentence will be consistent with the relevant Guidelines range," such cases "are a narrow exception to the general rule that, in most cases, a defendant's sentence will be 'based on' his Guidelines range." *Hughes*, 138 S. Ct. at 1776 (citing *Koons v. United States*, 138 S. Ct. 1783, 1789 (2018)). That exception – which applies only when a court expressly "discard[s] [the advisory range] in favor of mandatory minimums and substantial assistance factors" – is inapposite to this case. *Koons*, 138 S. Ct. at 1789.

4

Therefore, *Hughes, Koons,* and *Molina-Martinez* each strongly counsels that the Court's sentence was "based on" the Guidelines.


ii.     *Notwithstanding the foregoing, a sentence reduction is unwarranted.*

Having resolved that defendant Houston's sentence was 'based on' the Sentencing Guidelines, the Court next evaluates whether a reduction "is warranted in whole or part under the particular circumstances of the case." *Dillon,* 560 U.S. at 827; *accord United States v. Butler,* 130 F. Supp. 3d 317, 319–20 (D.D.C. 2015). The Court must "consider[] the factors set forth in § 3553(a)" only if, in its discretion, it considers "such a reduction" to be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). And where, as here, the Court "concludes that it would have imposed the same sentence even if the defendant had been subject to a lower range, then the court retains discretion to deny relief." *Hughes,* 138 S. Ct. at 1778.

Assuming, *arguendo,* that defendant Houston's requested reduction would be consistent with any such policy statements, the Court finds that the § 3553(a) factors as applied to this case are fatal to his application for relief. Specifically, the Court finds that (1) "the nature and circumstances of the offense," (2) "the need for the sentence imposed to reflect the seriousness of the offense, . . . and to provide just punishment for the offense," and (3) "the [amended] sentencing range established for the applicable category of offense" in this case outweigh "any pertinent policy statement issued by the Sentencing Commission." 18 U.S.C. §§ 3553(a)(1)-(2), (4), (5).

First, defendant Houston "suppl[ied] significant quantities of cocaine and crack cocaine for distribution in the Washington, D.C. metropolitan area" as the leader of a conspiracy for several

5

years. ECF No. 136 ¶ 2. Defendant Houston thus led a criminal enterprise whose sole objective was to capitalize substantially on a sweeping proportion of the population in this District, to the entire population's detriment. This conduct warrants a significant period of incarceration for the dual purposes of specific deterrence and retribution.

Second, defendant Houston's current sentence of 168 months' incarceration followed by a 60-month post-release supervision program remains within the amended Guidelines range. *See* United States Probation Office Memorandum dated Jun. 5, 2017, ECF. No. 266, at 1. *See also* U.S.S.G. § 2D1.1. And, indeed, had defendant Houston been convicted after a trial, he would be facing a mandatory minimum of 20 years' incarceration, in light of his criminal history category. *See* 21 U.S.C. §§ 841(b)(1)(A), 851(b). These statutory minimums clearly evince Congress's intent to impress upon sentencing courts the gravity of the crime of which defendant Houston stands convicted, in light of the individualized mitigating and exacerbating circumstances appurtenant to the facts of this case.

Third, defendant Houston does not point to, nor does this Court find, any relevant policy statement of the Sentencing Commission that outweighs the foregoing factors. Defendant Houston argues that Amendment 790 "clarified the relevant conduct rules and, in particular, made clear that 'reasonable foreseeability' alone is not the standard for attributing others' misconduct to the defendant." ECF. No. 264, at 5. Citing to out-of-circuit authorities, he thus argues that this amendment should be given retroactive effect. *Id.* at 5-6. Not so. That amendment specifically operates to *broaden* U.S.S.G. § 1B1.3(a)(1)(B)'s reach, not to limit it. *See* U.S.S.G. amend. 790. It permits courts to consider "all acts and omissions of others that were[,]" *inter alia*, "reasonably foreseeable in connection with that criminal activity." *Id.*

Accordingly, the Court finds that a sentence reduction is not warranted, either in whole or in part, based upon the factual circumstances peculiar to defendant Houston's case, and that it would have imposed the same sentence, or a greater sentence, even if he were subject to a lesser Guidelines range at the time of sentencing.

## CONCLUSION

After considering the motion, the entire record herein, and the applicable law, the Court finds that defendant Houston is not entitled to a sentence reduction and will **DENY** his motion.

**IT IS SO ORDERED** on this 16th day of September, 2018.

_____
Royce C. Lamberth
Senior United States District Judge