NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-30307 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00024-SEH-2 |
| v. | |
| JESUS E. ELIZONDO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submission Deferred February 7, 2018
Submitted August 6, 2018[**]
Seattle, Washington

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

Jesus Elizondo appeals the district court's denial of his motion pursuant to

18 U.S.C. § 3582(c)(2) for reduction of sentence based on retroactive Sentencing

Guidelines Amendment 782. In light of Amendment 782 and *Koons v. United*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*States*, 138 S. Ct. 1783 (2018), Defendant was eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) because his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). At the original sentencing, the district court calculated Defendant's Guidelines range to be 121 to 151 months. It then noted that were it not for the Government's U.S.S.G. § 5K1.1 motion, the court "would have felt entirely obligated to impose a sentence at the upper end of that guideline range." However, the court decided to "act favorably upon that motion" and sentenced Defendant to a term of imprisonment below the upper end of the Guidelines range. The court did not believe that a sentence "less than the statutory minimum of 120 months" would be adequate, so it sentenced Defendant to 120 months.

In light of the above, Defendant's Guidelines range "played 'a relevant part [in] the framework the [sentencing] judge used' in imposing the sentence," and thus, the sentence was "based on" that Guidelines range, making Defendant eligible for a sentence reduction. *Koons*, 138 S. Ct. at 1788 (alterations in original) (quoting *Hughes v. United States*, 138 S. Ct. 1765, 1778 (2018)). Both parties agree that Defendant is eligible for a sentence reduction. We vacate the sentence and remand to the district court for further proceedings consistent with this disposition.

**VACATED AND REMANDED**.