**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6771**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN ARTHUR TAYLOR, JR., a/k/a Pumpkin, a/k/a P,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, Senior District Judge. (3:04-cr-00227-HEH-1)

Submitted: October 31, 2018                    Decided: November 5, 2018

Before WILKINSON, DUNCAN, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

John Arthur Taylor, Jr., Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Arthur Taylor, Jr., appeals the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (2012). Taylor, who pleaded guilty to a drug offense pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, sought relief under Amendment 782 to the Sentencing Guidelines. For the reasons that follow, we vacate the court's order and remand for further proceedings.

We review de novo the district court's "ruling as to the scope of its legal authority under § 3582(c)(2)." *United States v. Mann*, 709 F.3d 301, 304 (4th Cir. 2013). "[Section] 3582(c)(2) authorizes a district court to reduce a defendant's sentence if the defendant 'has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *Hughes v. United States*, 138 S. Ct. 1765, 1775 (2018) (quoting 18 U.S.C. § 3582(c)(2)). "A sentence imposed pursuant to a [Rule 11(c)(1)(C)] agreement is no exception to the general rule that a defendant's Guidelines range is both the starting point and a basis for his ultimate sentence." *Id.* at 1776. Thus, ordinarily, a sentence resulting from a Rule 11(c)(1)(C) agreement is eligible for reduction under § 3582(c)(2). *Id.* A defendant is not entitled to such relief, however, "[i]f the Guidelines range was not a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement" or if the record "clear[ly] demonstrat[es] . . . that the court would have imposed the same sentence regardless of the Guidelines." *Id.* (internal quotation marks omitted).

2

The district court determined that § 3582(c)(2) relief was unavailable because the sentencing court[1] sentenced Taylor pursuant to the Rule 11(c)(1)(C) plea agreement, not the Guidelines range. In reaching this conclusion, the district court applied the rule established in *United States v. Brown*, 653 F.3d 337, 340 (4th Cir. 2011), *abrogated by Hughes*, 138 S. Ct. at 1775. The district court did not consider *Hughes*, which issued shortly before the district court's order and significantly expanded the circumstances in which a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement may be entitled to a sentence reduction under § 3582(c)(2).

Based on our review of the record, we cannot conclude that the sentencing court eschewed the Guidelines range in favor of other sentencing factors, as in *Koons v. United States*, 138 S. Ct. 1783, 1789 (2018) ("Petitioners' sentences were not 'based on' Guidelines ranges that the sentencing judge discarded in favor of mandatory minimums and substantial-assistance factors."). The court and the parties spent a significant portion of the sentencing hearing discussing the Guidelines range, and the Government highlighted that the parties' recommended 240-month sentence fell within the Guidelines range calculated by the Government. Although other factors may have been relevant,[2] the record does not clearly demonstrate that the Guidelines were irrelevant to the

---

[1] Judge James R. Spencer presided over Taylor's sentencing, but Senior Judge Henry E. Hudson decided Taylor's § 3582(c)(2) motion.

[2] The Government also explained that it forwent a sentencing enhancement under 21 U.S.C. § 851 (2012), in order to avoid the mandatory 10-year term of supervision but that § 851's mandatory minimum prison sentence of 240 months informed the 240-month sentence recommended by the parties.

sentencing court's acceptance of the plea agreement or that the court would have imposed the same sentence absent the Guidelines. *See Hughes*, 138 S. Ct. at 1776.

Accordingly, we vacate the district court's order and remand for further proceedings.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[3] By this disposition, we determine only that Taylor is eligible for relief under § 3582(c)(2), not that he is entitled to such relief. We express no opinion on the latter issue, leaving that for the district court to decide in the first instance.