**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6391**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

GARY LAMONTT SMITH, a/k/a Marion Alexander Smith, Jr., a/k/a Jermaine Arcel Turner, a/k/a G, a/k/a Black,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:11-cr-00472-PMD-1)

Submitted: November 28, 2018            Decided: December 7, 2018

Before WILKINSON, FLOYD, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Gary Lamontt Smith, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gary Lamontt Smith appeals the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (2012). Smith, who pleaded guilty to a drug offense pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, sought relief under Amendment 782 to the Sentencing Guidelines. For the reasons that follow, we vacate the court's order and remand for further proceedings.

We review de novo the district court's "ruling as to the scope of its legal authority under § 3582(c)(2)." *United States v. Mann*, 709 F.3d 301, 304 (4th Cir. 2013). "[Section] 3582(c)(2) authorizes a district court to reduce a defendant's sentence if the defendant 'has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *Hughes v. United States*, 138 S. Ct. 1765, 1775 (2018) (quoting 18 U.S.C. § 3582(c)(2)). "A sentence imposed pursuant to a [Rule 11(c)(1)(C)] agreement is no exception to the general rule that a defendant's Guidelines range is both the starting point and a basis for his ultimate sentence." *Id.* at 1776. Thus, ordinarily, a sentence resulting from a Rule 11(c)(1)(C) agreement is eligible for reduction under § 3582(c)(2). *Id.* A defendant is not entitled to such relief, however, "[i]f the Guidelines range was not a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement" or if the record "clear[ly] demonstrat[es] . . . that the court would have imposed the same sentence regardless of the Guidelines." *Id.* (internal quotation marks omitted).

The district court determined that § 3582(c)(2) relief was unavailable because the sentencing court sentenced Smith pursuant to the Rule 11(c)(1)(C) plea agreement, not

2

the Guidelines range. In reaching this conclusion, the district court applied the rule established in *United States v. Brown*, 653 F.3d 337, 340 (4th Cir. 2011), *abrogated by Hughes*, 138 S. Ct. at 1775. The district court did not have the benefit of *Hughes*, which issued after the district court's order, and significantly expanded the circumstances in which a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement may be granted a sentence reduction under § 3582(c)(2).

Based on our review of the record, we cannot conclude that the sentencing court eschewed the Guidelines range in favor of other sentencing factors, as in *Koons v. United States*, 138 S. Ct. 1783, 1789 (2018) ("Petitioners' sentences were not 'based on' Guidelines ranges that the sentencing judge discarded in favor of mandatory minimums and substantial-assistance factors."). The court discussed the Guidelines range with Smith at the sentencing hearing and concluded that the 19-year Rule 11(c)(1)(C) sentence was fair in light of the circumstances of the case and because it was within the Guidelines range. Although other factors may have been relevant, the record does not clearly demonstrate that the Guidelines were irrelevant to the sentencing court's acceptance of the plea agreement or that the court would have imposed the same sentence absent the Guidelines. *See Hughes*, 138 S. Ct. at 1776.

Accordingly, we vacate the district court's order and remand for further proceedings.[*] We dispense with oral argument because the facts and legal contentions

---

[*] By this disposition, we determine only that Smith is eligible for relief under § 3582(c)(2), not that he is entitled to such relief. We express no opinion on the latter issue, leaving that for the district court to decide in the first instance. *See Hughes*, 138 (Continued)

3

are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

S. Ct. at 1777 ("[t]he district court can consider the benefits the defendant gained by entering a [Rule 11(c)(1)(C)] agreement when it decides whether a reduction is appropriate (or when it determines the extent of any reduction), for the statute permits, but does not require the court to reduce a sentence" (internal quotation marks omitted)).