[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17679
Non-Argument Calendar
_____

D.C. Docket No. 2:06-cr-00298-WKW-SRW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD LASHAWN SAWYER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(January 3, 2019)

Before WILSON, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Reginald Lashawn Sawyer appeals the district court's sua sponte determination that he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Sawyer contends on appeal that: (1) he is eligible for a sentence reduction under § 3582(c)(2) because the Sentencing Commission, through Amendment 782, subsequently lowered the Guidelines ranges applicable to his sentence, as calculated under U.S.S.G. § 1B1.10(c); and (2) the district court abused its discretion by determining Sawyer would not be entitled to a sentence reduction even if he were eligible under § 3582(c)(2). We need not address Sawyer's second contention because we conclude Sawyer was ineligible for relief under § 3582(c)(2).

A defendant may be entitled to a reduced sentence under § 3582(c)(2) if he "has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). While this appeal was pending, the Supreme Court issued its opinion in *Koons v. United States*, 138 S. Ct. 1783 (2018). *Koons* held that sentences are not "based on" Guidelines ranges that subsequently have been lowered by the Sentencing Commission" if "the ranges play[ed] no relevant part in the judge's determination of the defendant's ultimate sentence." *Id.* at 1788 (quotation and alteration omitted). Because the petitioners in *Koons* received sentences "based on" mandatory minimums and substantial assistance to the

2

Government, and not on Guidelines ranges that subsequently were lowered by the Sentencing Commission, the petitioners did not qualify for reduced sentences under § 3582(c)(2). *Id.*

*Koons* is dispositive of Sawyer's appeal. Like the petitioners in *Koons*, Sawyer's sentence was based on mandatory minimums and substantial assistance to the Government. The Guidelines ranges for Sawyer's drug offenses, which subsequently have been lowered by the Sentencing Commission, "play[ed] no relevant part in the judge's determination of [Sawyer's] ultimate sentence." *Id.* Consequently, Sawyer is not eligible for a reduced sentence under § 3582(c)(2).

**AFFIRMED.**