# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2501

_____

United States of America

*Plaintiff - Appellee*

v.

Lavell Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: January 24, 2019
Filed: February 6, 2019
[Unpublished]

_____

Before BENTON, BOWMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

In 2008, Lavell Williams pleaded guilty to conspiracy to distribute at least 50 grams of cocaine base, and she was sentenced to 262 months in prison consistent with the parties' stipulation in the plea agreement. See Fed. R. Crim. P. 11(c)(1)(C) (allowing the government and a defendant to stipulate a sentence or sentencing range in a plea agreement). After the Supreme Court's decision in Hughes v. United States,

138 S. Ct. 1765 (2018), Williams sought relief under 18 U.S.C. § 3582(c)(2)—not for the first time—seeking a sentence reduction based on Amendments 750 and 782 to the U.S. Sentencing Guidelines, which retroactively lowered certain base offense levels that were determined by drug quantity. In <u>Hughes</u>, the Supreme Court held that a sentence imposed under a Rule 11(c)(1)(C) plea agreement "is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." <u>Hughes</u>, 138 S. Ct. at 1775. The District Court[1] determined that the <u>Hughes</u> decision did not help Williams because her sentence was driven entirely by her criminal history, her exposure to a mandatory life sentence, and her status as a career offender. The District Court denied relief, and Williams appeals.

We agree that Williams was not entitled to a sentence reduction. <u>See</u> <u>Koons v. United States</u>, 138 S. Ct. 1783, 1788 (2018) (holding "that petitioners do not qualify for sentence reductions under § 3582(c)(2) because their sentences were not 'based on' their lowered Guidelines ranges" but were "'based on' their mandatory minimums and on their substantial assistance to the Government"); <u>United States v. Harris</u>, 688 F.3d 950, 955 (8th Cir. 2012) (holding that a prisoner is ineligible for a sentencing reduction when the career-offender provision of the Guidelines, not the drug-quantity table, determined the base-offense level).

We affirm the judgment, and we grant counsel's motion to withdraw.

_____

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.