**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3154
_____

UNITED STATES OF AMERICA

v.

KENNETH V. MICHAEL,
                                            Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2-09-cr-00105-17)
District Judge: Honorable Donetta W. Ambrose

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 22, 2019

Before: GREENAWAY, JR., RESTREPO and FUENTES, Circuit Judges

(Opinion filed: April 9, 2019)
_____

OPINION[*]
_____

PER CURIAM

    Kenneth Vernon Michael, a federal prisoner, appeals from an order of the District

Court denying his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

For the reasons that follow, we will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In March, 2012, Michael was charged in a Second Superseding Indictment with conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(ii) (providing for mandatory minimum of 10 years' imprisonment) (Count One); and conspiracy to commit money laundering, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 1956(h) (Count Three).  In January, 2014, Michael pleaded guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) to Counts One and Three, waiving his appellate rights in exchange for the prosecution's agreement that he be sentenced to a term of imprisonment of "10 years." Plea Agreement, at ¶ (C)(5).  The sentencing court conducted a Rule 11 colloquy and accepted the plea.

The U.S. Probation Office then prepared a Presentence Investigation Report ("PSR").  Based on a cocaine quantity of 47 kilograms and a criminal history category of I, the advisory Guidelines range was determined to be 151-188 months.  The PSR also referenced, however, the mandatory minimum set forth in § 841(b)(1)(A)(ii) with respect to Count One, stating: "The minimum term of imprisonment at Count 1 is 10 years … pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(A)(ii)."  Michael offered no objections to the PSR.

On August 4, 2014, the sentencing court imposed a sentence of "120 months, at each of Counts 1 and 3 of the indictment, to be served concurrently."  N.T., 8/4/14, at 5. The criminal Judgment entered on the docket on August 15, 2014 reflected a sentence of 120 months' imprisonment on Counts One and Three, the terms to run concurrently.  In the Statement of Reasons (non-public Attachment to Criminal Judgment), which Michael

has provided in the Appendix, the sentencing court indicated that the statutory mandatory minimum sentence had been imposed.

In March, 2016, Michael filed a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), in which he asked for a reduced sentence pursuant to Amendment 782 of the United States Sentencing Guidelines. Amendment 782, which went into effect on November 1, 2014 and which is retroactive, reduced the offense levels assigned to most drug quantities by two, see U.S.S.G. § 2D1.1 (Drug Quantity Table). The Government responded that Michael was not entitled to a reduction because Amendment 782 does not provide for reductions below a statutory mandatory minimum sentence, and that Michael was sentenced at Count One to a statutory mandatory minimum term of imprisonment pursuant to a plea agreement. The Government argued that Michael's plea agreement was not tied to the Guidelines, citing for support Justice Sotomayor's statement in United States v. Freeman, 564 U.S. 522 (2011), that a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement generally will be "based on" the agreement itself, not the District Court's Guidelines calculations. Id. at 534 (Sotomayor, J., concurring in the judgment). In an unexplained order entered on April 28, 2016, the sentencing court denied the § 3582(c)(2) motion and Michael did not appeal. The criminal matter later was reassigned to U.S. District Judge Donetta W. Ambrose.

In August, 2018, Michael filed another motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, arguing that the United States Supreme Court had clarified the Freeman decision in United States v. Hughes, 138 S. Ct. 1765 (2018), and that, pursuant to Hughes, his sentence must be deemed to be based on the Guidelines calculations relative to his offenses. Moreover, he argued that his sentence of

3

"120 months" was in fact based on the Guidelines and not on a statutory mandatory minimum, and that he thus was eligible for a reduction of sentence under Amendment 782. The Government answered the motion, again arguing that Michael was ineligible for a sentence reduction because he had been sentenced pursuant to a Rule 11(c)(1)(C) plea agreement that provided for the statutory mandatory minimum sentence applicable to Count One.

The District Court, in an unexplained order entered on August 30, 2018, denied the § 3582(c)(2) motion. Michael's reply to the Government's answer was filed on the criminal docket shortly after the District Court issued its order denying the § 3582(c)(2) motion. In a Memorandum Order entered on September 20, 2018, the District Court reopened the matter to consider Michael's reply. Michael argued in his reply that the Government failed to show as a matter of fact that he had agreed to be sentenced to a mandatory minimum sentence; rather, the record showed that he agreed to a term of imprisonment of "120 months" that was based on a Guidelines calculation. In again denying the § 3582(c)(2) motion, the District Court reaffirmed its earlier decision, finding that Michael had been sentenced to a statutory mandatory minimum pursuant to the Rule 11(c)(1)(C) plea agreement, and that the Guidelines range calculated by the Probation Office did not form the foundation of Michael's sentence. In support, the Court cited Koons v. United States, 138 S. Ct. 1783, 1787 (2018), wherein the Supreme Court observed that a Guidelines range can be "overridden" by "a congressionally mandated minimum sentence." The District Court further held that offenders like Michael who have been sentenced to statutory mandatory minimums are ineligible for sentence reductions pursuant to retroactive amendments to the Guidelines.

4

Michael timely appealed pro se on September 26, 2018.  See Fed. R. App. P. 4(b)(1)(A).  We have jurisdiction under 28 U.S.C. § 1291.  The District Court's ultimate decision to deny a § 3582(c)(2) motion for sentence reduction is reviewed for an abuse of discretion, but we review *de novo* the District Court's interpretation of the Guidelines.  See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009).  The District Court's findings of fact are reviewed for clear error.  See United States v. Kennedy, 72 F.3d 439, 442 (D.C. Cir. 2013).  Michael does not challenge the District Court's determination that offenders sentenced to statutory mandatory minimums are ineligible for sentence reductions pursuant to retroactive amendments to the Guidelines.  See United States v. Flemming, 617 F.3d 252, 265-66 (3d Cir. 2010) (comment to policy statement in § 1B1.10 strongly suggests that sentence reduction is not authorized where defendant is subject to mandatory minimum) (citing U.S.S.G. § 1B1.10(a)(2)(B) & cmt. n.1(A)).

Rule 11(c)(1) provides that: "If the defendant pleads guilty . . . to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will: * * * (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case. . . ."  Fed. R. Crim. P. 11(c)(1)(C).  That sentence is then binding once the court accepts the plea.  Id.  In his attempt to show as a factual matter that his sentence was imposed pursuant to the Guidelines, rather than a Rule 11(c)(1) plea agreement providing for a binding statutory mandatory minimum sentence, Michael argues that the Government's offer actually was based on an advisory Guidelines range of 151-188 months.[1]  Moreover, the sentence imposed in court was "120 months"

---

[1] Under Amendment 782, if it applied, Michael's Guidelines range would be 121-151 months' imprisonment (base offense level of 32, plus 2 levels for money laundering and minus 2 levels for acceptance of responsibility), and he argued that his sentence should

5

on Count One, which must necessarily have been a reference to the Guidelines because the sentencing court stated that the agreed-upon sentence was "within" the Guidelines. Appellant's Informal Brief, at 7 (citing <u>N.T.</u>, 8/4/14, at 3). He argues further that the plea agreement and the transcripts from the change of plea and sentencing hearings "are completely devoid of the topic of a mandatory minimum sentence being agreed to by defendant Michael." Appellant's Informal Brief, at 11.

We will affirm the District Court's order denying Michael's § 3582(c)(2) motion because the Court did not clearly err in determining as a matter of fact that Michael's sentence was imposed pursuant to a statutory mandatory minimum. There was no clear error because the District Court's finding is plausible in light of the record as a whole. In paragraph C, the plea agreement stated that Michael and the Government understood and agreed that the "penalty that may be imposed upon Kenneth Michael at Count One is … a term of imprisonment of not less than 10 years," Plea Agreement, at ¶ (C)(1)(a), and it then expressly provided for a term of imprisonment of "10 years," <u>id.</u> at ¶ (C)(5). These are unmistakable references to the mandatory minimum sentence set forth in 21 U.S.C. § 841(b)(1)(A)(ii) (providing for mandatory minimum of 10 years' imprisonment) and charged in the Second Superseding Indictment. Furthermore, at the change of plea hearing, the sentencing court explained that "[e]very federal crime has a related federal statute, that is, a law passed by Congress that sets the penalties for that particular crime. Sometimes there's a minimum mandatory sentence…. In your case, with regard to Count 1, the statutory provision provides [for a] term of imprisonment of not less than 10 years…." <u>N.T.</u>, 1/8/14, at 15. Then, at the sentencing hearing, the sentencing court,

be correspondingly lower. In his § 3582(c)(2) motion, he argued that he was entitled to a 19.87% reduction in his term of imprisonment to 96.156 months, instead of 120 months.

stated, in imposing the sentence, that "the plea agreement was the core." N.T., 8/4/14, at 6. Although the sentencing court at times referred to the Guidelines at the sentencing hearing, in its Statement of Reasons, it noted that a statutory mandatory minimum sentence had been imposed.

Hughes made clear that "a sentence imposed pursuant to a [Rule 11(c)(1)(C)] agreement is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement," 138 S. Ct. at 1775, but here the record supports the conclusion that, although the advisory Guidelines ranges were calculated in the PSR, they were "scrapped" in favor of the statutory mandatory minimum sentence, Koons, 138 S. Ct. at 1788, because the plea agreement provided for imposition of the statutory mandatory minimum sentence. Because the advisory Guidelines ranges did not form the basis for the sentence imposed, id., Michael's § 3582(c)(2) motion for a reduction in sentence was properly denied. See Flemming, 617 F.3d at 265-66.

For the foregoing reasons, we will affirm the order of the District Court denying the motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).