# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40985
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KEVIN HARDEN, also known as Keisha,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:11-CR-127-8

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Kevin Harden, proceeding *pro se*, challenges the district court's denial of both his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), in accordance with Amendment 782 to the Sentencing Guidelines, and his motion for reconsideration of that denial.

Harden was sentenced to 360-months' imprisonment following a jury-trial conviction for a drug-trafficking conspiracy, in violation of 21 U.S.C.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-40985

§§ 841(a)(1), 846.  Amendment 782, however, had the effect of lowering Harden's offense level under the standard guideline below the level calculated under the career-offender guideline.  Thus, Harden's career-offender guideline status was determinative of whether § 3582(c)(2) relief was available.  Under the career-offender guideline, Harden's offense level was 37, and his criminal history category was VI, producing a sentencing range of 360 months to life imprisonment.  *See* U.S.S.G. § 4B1.1(b).  Because that is the same as the range calculated in the presentence investigation report, and not a lower range, the district court concluded that Harden's § 3582(c)(2) motion lacked merit.  A prisoner is ineligible for a § 3582(c)(2) reduction if his sentence is not based on a lowered guidelines range.  *Koons v. United States*, 138 S. Ct. 1783, 1788 (2018).

Harden asserts:  the district court never properly found he was a career offender; and, consequently, he is entitled to a sentence reduction under Amendment 782.

Our court "review[s] a decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion".  *United States v. Carter*, 595 F.3d 575, 577 (5th Cir. 2010) (citing *United States v. Cooley*, 590 F.3d 293, 294–95 (5th Cir. 2009)).  The denial of a motion for reconsideration is also reviewed for abuse of discretion.  *See United States v. Hassan*, 83 F.3d 693, 697 (5th Cir. 1996).

Contrary to Harden's contention that his career-offender status was never pronounced, this court previously concluded the district court relied on the career-offender adjustment in reaching its original sentencing decision.  *United States v. Romans*, 823 F.3d 299, 314–15 (5th Cir. 2016).  Harden may not use his § 3582(c)(2) motion to challenge that career-offender determination.  *See Dillon v. United States*, 560 U.S. 817, 825 (2010) (noting "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding"); *see*

No. 18-40985

*also United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994) (holding attempted re-litigation of a factual issue from sentencing is "not cognizable under § 3582(c)(2)"). The district court therefore did not abuse its discretion in denying Harden's § 3582(c)(2) motion and his motion for reconsideration of that denial.

AFFIRMED.