**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4472

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CRAIG RYAN BLADES,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Sherri A. Lydon, District Judge. (4:20-cr-00611-SAL-1)

Argued:  October 28, 2022                                    Decided:  December 13, 2022

Before THACKER and HEYTENS, Circuit Judges, and Lydia K. GRIGGSBY, United States District Judge for the District of Maryland, sitting by designation.

Affirmed by unpublished opinion. Judge Heytens wrote the opinion, in which Judge Thacker and Judge Griggsby joined.

**ARGUED:** Kimberly Harvey Albro, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Kathleen Michelle Stoughton, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee. **ON BRIEF:** William F. Nettles, IV, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Corey F. Ellis, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

TOBY HEYTENS, Circuit Judge:

Craig Blades pleaded guilty to possessing a firearm after being convicted of a felony. The presentence report calculated a base offense level of 24, reflecting the probation officer's view that Blades committed the offense "subsequent to sustaining at least two felony convictions of . . . a crime of violence." U.S.S.G. § 2K2.1(a)(2). The district court accepted the probation officer's recommendation and sentenced Blades to 120 months of imprisonment. Seeing no reversible error, we affirm.

Before the district court, Blades objected to the probation officer's Guidelines calculation. Blades admitted having two South Carolina felony convictions, one for second degree assault and battery and the other for second degree criminal domestic violence. But, Blades argued, neither offense qualified as a crime of violence because they do not—as a categorical matter—require "a mens rea more culpable than recklessness." JA 40.

The district court determined Blades's previous offenses were crimes of violence and the probation officer correctly calculated the Guidelines range. The court also stated that even "[h]ad [Blades] not received" additional points for two previous crimes of violence, "the Court would have varied upward to at least a sentence of 120 months." JA 93. The district court sentenced Blades to 120 months of imprisonment—the statutory maximum and the bottom of the advisory Guidelines range.

On appeal, Blades renews his contention that neither previous offense was a crime of violence. We need not reach that question because we conclude any error would be harmless.

2

Before imposing a sentence, a district court "must calculate the defendant's advisory [Guidelines] range." *Koons v. United States*, 138 S. Ct. 1783, 1788 (2018). But that does not mean every calculation error requires a new sentencing hearing. After all, "it would make no sense to set aside [a] reasonable sentence and send the case back to the district court when the court has already told us that it would impose exactly the same sentence, a sentence we would be compelled to affirm." *United States v. Doctor*, 958 F.3d 226, 238 (4th Cir. 2020) (quotation marks omitted). For that reason, this Court has repeatedly declined to resolve Guidelines calculation disputes when it was clear that—even had the district court adopted the defendant's view—the court would have imposed the same sentence and its decision to do so would have been reasonable. See, *e.g.*, *id.* at 239; *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019); *United States v. Gomez-Jimenez*, 750 F.3d 370, 385–86 (4th Cir. 2014).

We follow the same path here. For starters, we are confident "the district court would have reached the same result even if it had decided the [G]uidelines issue the other way." *Doctor*, 958 F.3d at 238 (quotation marks omitted). Indeed, the court said exactly that. See JA 93 ("Had [Blades] not received these points [for two previous crimes of violence] the Court would have varied upward to at least a sentence of 120 months."). And on other occasions, the district court reiterated its belief that any sentence shorter than 120 months would be "insufficient to accomplish" the purposes of sentencing. JA 99; accord JA 95. The record thus forecloses any contention that the district court would have imposed a different sentence had it determined Blades's earlier offenses were not crimes of violence.

3

We also conclude "the sentence would be reasonable even if the [G]uidelines issue had been decided in [Blades's] favor." *Doctor*, 958 F.3d at 238 (quotation marks omitted). Beyond the crime of violence issue, Blades raises no procedural objections to his sentence. And his argument of substantive error is unpersuasive.

A district court commits substantive error if it gives excessive weight to a single factor to the exclusion of other relevant considerations. See *United States v. Howard*, 773 F.3d 519, 531 (4th Cir. 2014). A sentence is also substantively unreasonable if it is manifestly greater than necessary to achieve the purposes of federal sentencing. See *id.* at 536.

Blades insists the district court committed substantive error by placing undue weight on the fact that he "had not taken advantage of lenient sentences in the past," thus failing to properly consider his "history and characteristics." Blades Br. 39. But, having reviewed the transcript, we see no sign the district court fixated on deterrence to the exclusion of other relevant considerations. See JA 88–93 (discussing a variety of sentencing factors).

Nor was the sentence manifestly excessive. As Blades acknowledges, even if the district court erred in concluding his previous convictions were crimes of violence, his sentence would be only five months longer than the top of the Guidelines range. See Blades Br. 5 (noting that, had Blades's objection succeeded, the Guidelines range would have been "92-115 months"). This Court recently affirmed the reasonableness of a significantly more dramatic variance based in part on the defendant's criminal history and other courts' leniency. See *United States v. McKinnie*, 21 F.4th 283, 288, 292 (4th Cir. 2021).

4

Blades cites cases in which district courts concluded shorter periods of imprisonment sufficed to deter defendants who had never served long sentences. But different courts' individualized assessments of different defendants for different crimes do not dictate the district court's sentencing of Blades, which we review only for abuse of discretion. See *Gall v. United States*, 552 U.S. 38, 51 (2007) ("Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard."). Because the record reveals no such abuse here, the judgment of the district court is

*AFFIRMED*.