**UNITED STATES of America**

v.

**Maurice LEWIS, Appellant.**

**No. 05–4221.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) April 15, 2008.

Filed April 18, 2008.

David E. Troyer, Office of United States Attorney, Philadelphia, PA, for Appellee.

Salvatore C. Adamo, Philadelphia, PA, for Appellant.

Before: AMBRO, FISHER, and MICHEL,* Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

Maurice Lewis pled guilty in 2003 to, among other crimes, conspiracy to distribute more than five kilograms of cocaine and possession of a firearm in furtherance of a drug trafficking crime. At that time, Lewis had committed two prior drug felonies. As a result, his crimes yielded a mandatory minimum sentence of life imprisonment on the conspiracy charge and of five years (to be served consecutively) on the firearm-possession charge. His sentence also included ten years on supervised release, a fine of $25,000 (the bottom of the federal Sentencing Guidelines range), and a special assessment of $1,000.

On appeal, Lewis contends that his sentence was "harsh and excessive." We have jurisdiction under 28 U.S.C. § 1291 and review for reasonableness. *See United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008).

Lewis makes two arguments. First, he argues that the District Court failed to consider the relevant sentencing factors under 18 U.S.C. § 3553(a), in violation of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). This argument fails because the District Court had no discretion to diverge from the statutory minimum sentences that applied. *See* 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 924(c)(1)(A)(i). Second, Lewis claims that mandatory minimums themselves are unconstitutional because they limit trial courts' discretion. In *Harris v. United States*, however, the Supreme Court rejected that very theory. 536 U.S. 545, 567, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002) ("Within the range authorized by the jury's verdict, however, the political system may channel judicial discretion . . . by requiring defendants to serve minimum terms after judges make certain factual findings.").

For these reasons, we affirm the sentence imposed by the District Court.

---

* Honorable Paul R. Michel, Chief Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.