NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1959
_____

UNITED STATES OF AMERICA

v.

REYNALDO RIVERA-CRUZ,

Appellant


Appeal from the United States District Court
for the Middle District of Pennsylvania
(Crim. No. 1-06-cr-00043-001)
District Judge: Hon. Christopher C. Conner

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 25, 2010

Before: McKEE, *Chief Judge*, and SLOVITER and RENDELL, *Circuit Judges*,

(Opinion Filed: November 12, 2010)

OPINION

McKEE, *Chief Judge*.

        Reynaldo Rivera-Cruz appeals from the district court's judgment of conviction

and sentence that was imposed following his guilty plea. His appointed counsel has filed

a motion to withdraw as counsel and submitted a brief pursuant to *Anders v. California*,

386 U.S. 738 (1967).  For the reasons that follow, we will affirm.

1

## I.

Because we write primarily for the parties, it is not necessary to recite at length the facts of this case. It is sufficient to note that Rivera-Cruz entered a negotiated guilty plea to possession of cocaine hydrochloride with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). In the plea agreement, the parties agreed that the quantity of cocaine hydrochloride attributable to Rivera-Cruz was between five and fifteen kilograms. Before his sentencing hearing, Rivera-Cruz objected to the presentence report on the basis of the drug quantity amount and the two-level enhancement for possession of a firearm at the time of the offense. After receiving testimony at the sentencing hearing, the district court overruled both objections.

The court found that under the Sentencing Guidelines, Rivera-Cruz's offense level was a 36, his criminal history category was VI, and his Guidelines range was 324-405 months. Because the statutory maximum penalty was twenty years, the court restricted the Guidelines sentence to 240 months. The court granted the government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1, thereby reducing Rivera-Cruz's offense level to 31, with a Guidelines range of 188-235 months. The court then sentenced Rivera-Cruz to 188 months of imprisonment. This appeal followed.[1]

As noted above, Rivera-Cruz's appointed counsel has filed a motion to withdraw and an *Anders* brief stating that he is unable to identify any non-frivolous issues for

---

[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

review.  In accordance with LAR 109.2(a), the government and Rivera-Cruz were provided with a copy of the *Anders* brief and both filed response briefs.[2]

## II.

When counsel submits an *Anders* brief, we must determine:  "(1) whether counsel adequately fulfilled the rule's requirements [Third Circuit Local Appellate Rule 109.2(a)]; and (2) whether an independent review of the record presents any nonfrivolous issues."  *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).  "[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw.  That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal."  *Anders*, 386 U.S. at 744.  "Under *Anders*, appellant's counsel must 'satisfy the court that he or she has thoroughly scoured the record in search of appealable issues' and then 'explain why the issues are frivolous.'"  *United States v. Coleman*, 575 F.3d 316, 319 (3d. Cir. 2009) (quoting *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)).

Counsel identifies five potential issues for appeal and concludes  that they are all frivolous.  The issues he identifies are: (1) the court lacked jurisdiction to accept the plea; (2) the plea is invalid as judged by applicable constitutional and statutory standards; (3) the sentence is illegal; (4) the court erred in its drug quantity calculation; and (5) the court

---

[2] Rivera-Cruz also filed a *pro se* motion asking the district court to remove counsel and disregard the *Anders* brief filed by his counsel.  We agree that there are no non-frivolous issues in Rivera-Cruz's appeal, and we will therefore deny the motion to disregard appellate counsel's brief.

erred in applying the two-level enhancement for possession of a firearm at the time of the offense.

The first issue clearly would be frivolous because Rivera-Cruz was charged with a federal crime; hence, the district court had jurisdiction pursuant to 18 U.S.C. § 3231.

The second issue would be frivolous because Rivera-Cruz's guilty plea was valid. It met the standards set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969), and Federal Rule of Criminal Procedure 11. As the record demonstrates, the district court conducted a thorough plea colloquy in compliance with *Boykin* and Rule 11.

The third issue would be frivolous because Rivera-Cruz's sentence clearly was not illegal. The sentence did not exceed the statutory maximum, and it was procedurally and substantively reasonable. A sentence is procedurally reasonable if a district court engages in the following three-step process:

> A district court must begin the process by first calculating the applicable Guidelines range. After that initial calculation, the court must then rule on any motions for departure and, if a motion is granted, state how the departure affects the Guidelines calculation. Finally, after allowing the parties an opportunity for argument, the court must consider all of the § 3553(a) factors and determine the appropriate sentence to impose, which may vary from the sentencing range called for by the Guidelines.

*United States v. Levinson*, 543 F.3d 190, 194-95 (3d Cir. 2008). The district court accurately determined the Guidelines range, granted the government's motion for a downward departure, recalculated the Guidelines range based on the departure, and meaningfully considered the § 3553(a) factors. If a sentence is procedurally sound, it is also considered substantively reasonable "unless no reasonable sentencing court would

4

have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d. Cir. 2009). Here, the district court reasonably sentenced Rivera-Cruz to a sentence of 188 months of imprisonment.

The fourth issue would be frivolous because the district court did not err in its drug calculation. "Judicial factfinding in the course of selecting a sentence within the permissible range does not offend the Fifth and Sixth Amendment rights to a jury trial and proof beyond a reasonable doubt." *United States v. Grier*, 475 F.3d 556, 562 (3d Cir. 2007) (en banc). In determining a sentence, "district courts . . . make factual findings by a preponderance of the evidence and courts of appeals . . . review those findings for clear error." *Id.* at 561. The district court found that the quantity of drugs attributable to Rivera-Cruz was between five and fifteen kilograms. Rivera-Cruz admitted to a law enforcement official that his offense involved this drug quantity, and he stipulated to the drug quantity in his plea agreement. There can be no doubt that the district court did not commit clear error in its drug quantity calculation

Lastly, the fifth issue would be frivolous because the district court did not err in applying the two-level sentence enhancement for possession of a firearm at the time of the offense, pursuant to U.S.S.G. § 2D1.1(b)(1). Although Rivera-Cruz, in his *pro se* reply brief argues that this enhancement should have been proven beyond a reasonable doubt, factual findings relevant to sentencing enhancements are only required to be proven by a preponderance of the evidence. *United States v. Fisher*, 502 F.3d 293, 307

5

(3d Cir. 2007). Note (3) of the Commentary to § 2D1.1(b)(1) explains that "[t]he enhancement for weapon possession . . . reflects the increased danger of violence when drug traffickers possess weapons. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." "[D]efendants have rarely been able to overcome the 'clearly improbable' hurdle." *United States v. Drozdowski*, 313 F.3d 819, 822 (3d Cir. 2002). Here, the guns were found in Rivera-Cruz's bedroom, along with ammunition and drug proceeds, and drugs were found in the house. The district court did not commit clear error in applying the two-level enhancement to Rivera-Cruz's sentence.[3]

### III.

Accordingly, we will affirm the judgment of conviction and sentence. Defense counsel's motion to withdraw will be granted.

---

[3] Although two witnesses testified that the guns found in Rivera-Cruz's bedroom belonged to them, the court found that both witnesses lacked credibility. We cannot overturn the district court's credibility determination because "[c]redibility determinations are the unique province of a fact finder . . . . Where the record supports a credibility determination, it is not for an appellate court to set it aside." *United States v. Kole*, 164 F.3d 164, 177 (3d Cir. 1998).