PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-3448

———————

UNITED STATES OF AMERICA

v.

REYNALDO RIVERA-CRUZ,
 Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-06-cr-00043-001)
District Judge: Honorable Christopher C. Conner

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
September 7, 2018

Before: HARDIMAN, KRAUSE, and BIBAS,
*Circuit Judges*.

(Filed: September 24, 2018)

Carlo D. Marchioli
Office of United States Attorney
220 Federal Building and Courthouse
Harrisburg, PA 17108
    *Attorney for Appellee*

Ronald A. Krauss
Office of Federal Public Defender
100 Chestnut Street, Suite 306
Harrisburg, PA 17101
    *Attorney for Appellant*

———————

## OPINION OF THE COURT

———————

HARDIMAN, *Circuit Judge*.

Reynaldo Rivera-Cruz appeals an order of the United States District Court for the Middle District of Pennsylvania denying his motion for a sentence reduction. The relevant statute (18 U.S.C. § 3582(c)(2)) authorizes sentence reductions for defendants initially "sentenced to a term of imprisonment based on" a United States Sentencing Guidelines (USSG) range that was later lowered by the United States Sentencing Commission. In *Koons v. United States*, 138 S. Ct. 1783 (2018), the Supreme Court held that such relief is unavailable to a defendant whose Guidelines range is "scrapped" in favor of a statutory mandatory minimum sentence. *Id.* at 1787–88. We now hold that the same is true where, as here, a statutory *maximum* displaces the defendant's Guidelines range.

## I

Rivera-Cruz pleaded guilty to distributing and possessing with intent to manufacture and distribute cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1). The quantity of drugs involved yielded a base offense level of 32, *see* USSG § 2D1.1(c)(4) (2006), and the United States Probation Office recommended a two-level firearm enhancement and a two-level obstruction of justice enhancement. Based on a total offense level of 36 and a criminal history category of VI, Rivera-Cruz's presentence report (PSR) calculated his Guidelines range as 324–405 months' imprisonment. Because Rivera-Cruz's offense carried a statutory maximum of 240 months' imprisonment, however, the PSR fixed his Guidelines range at that number. *See* 21 U.S.C. § 841(b)(1)(C); USSG §§ 1B1.1(a)(8), 5G1.1(a).

At Rivera-Cruz's March 2010 sentencing hearing, the District Court adopted the PSR's findings and agreed that "because the statutory maximum penalty is 20 years, the [G]uideline sentence is restricted to 240 months." App. 122. The District Court then considered the Government's motion for a downward departure under USSG § 5K1.1 to account for Rivera-Cruz's substantial assistance to the Government. The Government requested a sentence of 25 months below the mandatory maximum, or 215 months' imprisonment. After discussing the relevant factors in § 5K1.1, the District Court announced that it would grant the motion. In accordance with Third Circuit precedent, it calculated the extent of the departure in terms of "offense levels as opposed to specific quantities of time." App. 127; *see also United States v. Fumo*, 655 F.3d 288, 316–17 (3d Cir. 2011) (explaining that, unlike a variance, a departure "change[s] the

3

Guidelines range" and thus requires the sentencing court to "calculate a final guideline offense level and . . . range"). The Court settled on a five-level departure to an offense level of 31, noting that the Government-recommended sentence of 215 months fell "approximately in the middle" of the corresponding range of 188–235 months' imprisonment. App. 127. It then sentenced Rivera-Cruz to 188 months' imprisonment. Rivera-Cruz unsuccessfully appealed his conviction and sentence. *United States v. Rivera-Cruz*, 401 F. App'x 677, 678 (3d Cir. 2010).

Four years later, the Sentencing Commission adopted Guidelines Amendment 782, which retroactively reduced Rivera-Cruz's base offense level by two. *See* USSG App. C, Amdt. 782 (2014); *id.* § 1B1.10(d); *see also* 28 U.S.C. § 994(o). With a total offense level of 34 (consisting of a base offense level of 30 and the aforementioned enhancements) and the same criminal history category, Rivera-Cruz's applicable Guidelines range would have been 262–327 months' imprisonment. Because of the statutory maximum, however, Rivera-Cruz's Guidelines range remained fixed at 240 months.

In June 2016, Rivera-Cruz requested a sentence reduction under 18 U.S.C. § 3582(c)(2), citing Amendment 782. In addition to requiring that a defendant's initial sentence be "based on" a subsequently lowered range, § 3582(c)(2) requires that a Guidelines amendment cited in support of a § 3582(c)(2) motion "have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B); 18 U.S.C. § 3582(c)(2) (requiring all sentence reductions to be "consistent with applicable policy statements," including USSG § 1B1.10(a)(2)(B)). Rivera-Cruz acknowledged that the 240-month statutory maximum

4

supplanted his initial Guidelines range both before and after Amendment 782. He nevertheless argued that, in light of his five-level downward departure, Amendment 782 effectively reduced his offense level from 31 to 29, which "ha[d] the effect of lowering [his] applicable guideline range," § 1B1.10(a)(2)(B), from 188–235 months' imprisonment to 151–188 months. And because the District Court used his otherwise applicable—*i.e.*, pre-maximum—Guidelines range of 324–405 months' imprisonment as a baseline for its downward departure, he argued, his sentence was "based on" a range lowered by the Sentencing Commission as required by 18 U.S.C. § 3582(c)(2). Citing the District Court's original bottom-of-the-range sentence, Rivera-Cruz requested a 151-month sentence.

The District Court denied Rivera-Cruz's motion. It did not determine whether Rivera-Cruz was initially sentenced "based on" a later lowered range, instead reasoning that, because of the statutory maximum, Amendment 782 had no effect on his Guidelines range. Rivera-Cruz filed this timely appeal.

II

The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291 and may affirm the District Court's order "on any basis supported by the record." *Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). We review de novo a district court's determination that a defendant is ineligible for relief under 18 U.S.C. § 3582(c)(2). *United States v. Weatherspoon*, 696 F.3d 416, 420 (3d Cir. 2012).

5

## III

In this appeal, Rivera-Cruz renews his claim that he is eligible for a sentence reduction because the District Court used his Guidelines range (based on an offense level of 36) as a "starting point" for its downward departure, so the Court "actually based [his] sentence on a Guidelines sentencing range . . . subsequently lowered by the Sentencing Commission." Rivera-Cruz Br. 12. He also argues that the District Court erred in determining that Amendment 782 "ha[d] no impact on his Guidelines range." *Id.* Because Rivera-Cruz's first argument lacks merit, we will affirm.

In many cases, a defendant's Guidelines range serves as the "foundation" of the ultimate sentencing decision. *Koons*, 138 S. Ct. at 1789 (citation omitted). In some cases, however, the Guidelines themselves "call for the ranges to be tossed aside." *Id.* at 1788. "When that happens—when the range[] play[s] no relevant part in the judge's determination of the defendant's ultimate sentence—the resulting sentence is not 'based on' a Guidelines range." *Id.* (quoting 18 U.S.C. § 3582(c)(2)). That's what happened in *Koons*, where five petitioners were denied sentence reductions because their offenses carried a statutory minimum penalty that exceeded the top end of their Guidelines ranges. *Id.* at 1787–88.[1] Having "dropped out of the case," the displaced Guidelines

_____

[1] *See also* USSG § 1B1.1(a)(8) (directing courts, after calculating a Guidelines range according to § 1B1.1(a)(1)–(7), to apply, among other provisions, § 5G1.1(b), which in turn requires the calculated range to be replaced by an applicable mandatory minimum when the minimum exceeds the top of the range).

ranges "could not come close to forming the basis for the sentence that the District Court imposed." *Id.* at 1788 (internal quotation marks and citation omitted). Because the Guidelines ranges did not play "a relevant part in the framework the sentencing judge used in imposing the sentence," the Sentencing Commission's subsequent decision to lower those ranges did not make the petitioners eligible for a sentence reduction under § 3582(c)(2). *Id.* at 1788–89 (alterations, internal quotation marks, and citation omitted).

Unlike *Koons*, this appeal involves a statutory maximum instead of a statutory minimum. That distinction is immaterial for purposes of the present inquiry, however. Using parallel language, the Guidelines call for a defendant's initial sentencing range to be replaced with the statutory maximum in the same way a range is replaced by a statutory minimum. In both cases, USSG § 1B1.1(a)(8) instructs courts to apply § 5G1.1, among other provisions, after calculating an initial range. In turn, § 5G1.1 provides that "[w]here the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence," *id.* § 5G1.1(a), just as it provides in the next paragraph that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence," *id.* § 5G1.1(b). Like a range that falls entirely *below* a statutory minimum, a range (such as Rivera-Cruz's) that falls entirely *above* a statutory maximum will typically "drop[] out of the case." *Koons*, 138 S. Ct. at 1788. And once out of the case, it cannot form the basis of the sentence. *See id.*; *see also United States v. Mateo*, 560 F.3d 152, 155 (3d Cir. 2009) (interpreting "sentencing range" as

7

used in § 3582(c)(2) to refer to "the end result of the overall guideline calculus, not the series of tentative results reached . . . in the performance of that calculus" (citation omitted)). For that reason, Rivera-Cruz was not sentenced "based on" a Guidelines range that was subsequently lowered by the Sentencing Commission.[2]

Rivera-Cruz resists this conclusion by attempting to show that, notwithstanding the statutory maximum, the District Court based his sentence on his initial Guidelines range. In other words, he argues, that range did not actually "drop[] out of the case" after it was displaced. *Koons*, 138 S. Ct. at 1788. He emphasizes that when it departed downward five levels, the District Court explicitly referred to his initial Guidelines calculation, and that once the Court settled on a new range, it sentenced him to the bottom of that range—not the 215-month sentence the Government recommended in its substantial assistance motion. He concedes that if the District Court had instead used his statutory maximum as the starting point for its departure, he would be ineligible for § 3582(c)(2)

---

[2] *Koons* also makes clear that the District Court's downward departure was unrelated to Rivera-Cruz's initial Guidelines range, and therefore does not serve as a basis for § 3582(c)(2) eligibility. *See* 138 S. Ct. at 1789. A court's consideration of a substantial assistance motion is based not on the initial Guidelines range, but rather on the court's evaluation of the defendant's assistance. *Id.*; *see* § 5K1.1(a)(1)–(5) (listing factors a court may consider, including "the significance and usefulness of the defendant's assistance" and the "truthfulness, completeness, and reliability of any information or testimony provided").

8

relief. But he claims "that's not this case." Rivera-Cruz Br. 15.

We do not share Rivera-Cruz's interpretation of the District Court's decisionmaking process. The District Court did return to Rivera-Cruz's initial Guidelines calculation before announcing its sentencing decision. But it did so for a limited purpose: to determine the number of offense levels by which to depart downward. By necessity, that determination began with Rivera-Cruz's initial offense level. But the District Court explained that its decision to express Rivera-Cruz's departure in terms of offense levels—rather than simply departing from the statutory maximum by a certain number of months—was based on this Court's precedent, not a reconsideration of Rivera-Cruz's initial Guidelines range. Indeed, the District Court noted that its downward departure aligned with the Government's recommendation of 215 months' imprisonment, which fell near the midpoint of Rivera-Cruz's new range. The Government's 215-month recommendation, in turn, was based expressly on the 240-month statutory maximum. Rivera-Cruz's initial Guidelines range thus did not figure substantively into the District Court's departure determination. Consequently, the Court's ultimate decision to sentence Rivera-Cruz to 188 months' imprisonment—the bottom of his post-departure range—is equally untethered from his initial Guidelines calculation. In context, therefore, the District Court's reference to Rivera-Cruz's initial Guidelines range did not revive it as "a relevant part [of] the framework" governing the sentencing decision. *Koons*, 138 S. Ct. at 1788.

For these reasons, Rivera-Cruz's sentence was not "based on" his initial Guidelines range, and the Sentencing Commission's lowering of that range by Amendment 782 did

9

not make Rivera-Cruz eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Because the statute precludes relief where a sentence is not "based on" a lowered Guidelines range, we need not resolve, as the District Court did, whether Amendment 782 "ha[d] the effect of lowering" Rivera-Cruz's "applicable guideline range." USSG § 1B1.10(a)(2)(B).

*     *     *

Like the petitioners in *Koons*, Rivera-Cruz received a sentence "based on" a statutory requirement, not on a Guidelines range that was later lowered by the United States Sentencing Commission. Rivera-Cruz was therefore ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). Accordingly, we will affirm.

10