**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-2118

_____

UNITED STATES OF AMERICA

v.

DEXTRICK LAWTON,
                            Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-12-cr-00295-001)
District Judge: Honorable Alan N. Bloch

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 15, 2021

_____

Before: SHWARTZ, PORTER, and MATEY,
*Circuit Judges*.

(Filed: March 18, 2021)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

PORTER, *Circuit Judge*.

Appellant Dextrick Lawton appeals from the District Court's April 21, 2020 Order denying his Motion for a Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). We will affirm.

## I

In 2012, a grand jury indicted Lawton for conspiracy to distribute and possess with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846. Lawton ultimately consented to a Federal Rule of Criminal Procedure 11(c)(1)(C) ("Type–C") agreement to plead guilty to the § 846 charge in exchange for an agreed-upon sentence of fifteen years' imprisonment followed by a five-year term of supervised release and a special assessment fee. The plea included the government's agreement not to file an Information under 21 U.S.C. § 851[1] ("§ 851 Information") and the parties' stipulation that the applicable controlled substance for purposes of sentencing was one to three kilograms of heroin.

Following that agreement, but before a plea hearing, Lawton submitted a pro se letter to the District Court requesting that it substitute Lawton's court-appointed counsel with new counsel. During oral argument on that request, the prosecutor indicated that he believed Lawton's request was intended as a delaying tactic and stated that the government would consider the plea agreement rejected if the District Court granted the motion. The government further explained that there had been a "death of an individual

---

[1] The § 851 Information would have indicated that Defendant had a prior controlled substance offense.

2

in connection with" the conspiracy and said that it would "move forward with the other charges" if Lawton rejected the plea offer. Supp. App. 9–10. After a brief recess, Lawton notified the District Court that he would accept the plea offer, and the District Court denied as moot Lawton's request for new counsel. A plea hearing ensued shortly thereafter, and the District Court accepted Lawton's plea.

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") that calculated Lawton's Guideline range of imprisonment as 151 to 188 months. The PSR also stated that Lawton held a leadership role in the drug conspiracy, which resulted in a three-level enhancement under U.S.S.G. § 3B1.1(b), and identified Lawton's activities as causing the overdose death of an individual. Lawton objected to the inclusion of those paragraphs in the PSR, and the Probation Office issued a PSR addendum addressing those objections and stating that it stood by their inclusion.

At sentencing, Lawton asked that those paragraphs be excised from the PSR because they would be used in determining his classification at the Bureau of Prisons. The District Court agreed, reasoning they "may impact the defendant's placement in a prison," but did not make any finding as to the veracity of the paragraphs. App. 73.

Lawton later moved for a reduction of his 180-month sentence under 18 U.S.C. § 3582(c)(2), invoking Amendment 782—an amendment to the Sentencing Guidelines that retroactively reduced certain drug crimes by two offense levels. *See* U.S.S.G. §§ 1B1.10(d), 2D1.1, U.S.S.G. App. C, Amdt. 782 (Supp. Nov. 1, 2014); *see also Hughes v. United States*, 138 S. Ct. 1765, 1774 (2018). The District Court denied the motion,

reasoning that Lawton received substantial benefits as a result of his guilty plea. This appeal followed.

## II[2]

The Supreme Court has set forth a two-step approach to guide courts when reviewing claims brought under § 3582(c)(2). *See Dillon v. United States*, 560 U.S. 817, 827 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."[3] *Id.*

In appeals arising under § 3582(c), we exercise de novo review over "purely legal question[s] concerning the interpretation and legal status of § 3582(c)(2) and the related policy statement by the Sentencing Commission." *United States v. Ware*, 694 F.3d 527, 531 (3d Cir. 2012). We review all other § 3582(c) rulings for abuse of discretion. *Id.*

---

[2] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3582(c)(2), and this Court has jurisdiction under 28 U.S.C. § 1291. This Court "may affirm the District Court's order 'on any basis supported by the record.'" *United States v. Rivera-Cruz*, 904 F.3d 324, 326 (3d Cir. 2018) (quoting *Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam)).

[3] Here, both parties agree that Lawton is eligible for a sentence reduction. Thus, only the District Court's analysis at step two is at issue.

Further, we review all constitutional questions de novo. *See United States v. Gonzalez*, 905 F.3d 165, 205 (3d Cir. 2018).

## III

Lawton's theory is that the District Court impermissibly considered the parties' plea negotiations when denying his § 3582(c) motion. His arguments misconstrue the record and are belied by apposite Supreme Court precedent. In *Hughes v. United States*, 138 S. Ct. 1765 (2018), the Supreme Court explicitly stated that a district court "can consider the benefits the defendant gained by entering a Type–C agreement when it decides whether a reduction is appropriate (or when it determines the extent of any reduction), 'for the statute permits but does not require the court to reduce a sentence.'" *Id.* at 1777 (quoting *Freeman v. United States*, 564 U.S. 522, 532 (2011)). Further, as we explained in *United States v. Baylin*, a court may consider factual matters—like Lawton's benefits from the Type–C agreement—as a basis for a sentence if there is "some minimal indicium of reliability beyond mere allegation" that bears "some rational relationship" to the sentence. 696 F.2d 1030, 1040 (3d Cir. 1982), *superseded by statute on other grounds as recognized in United States v. Essig*, 10 F.3d 968, 970 (3d Cir. 1993).

Contrary to the picture of unfounded speculation that Lawton paints, the District Court based its determination on reliable information in the record to determine that Lawton gained a substantial benefit upon entering into the plea agreement such that a reduction in his sentence was unwarranted. Specifically, the District Court appropriately reasoned that by pleading guilty, Lawton avoided "the very real risk that he would face life imprisonment if the Government superseded the indictment to charge that the heroin

at issue had resulted in the [overdose] death . . . ." App. 8. As the District Court explained, "[Lawton] benefited immensely from such an agreement [because] it eliminated the risk of a far greater sentence for [Lawton] and essentially represented a compromise between two or more statutory sentencing possibilities." App. 9.

Moreover, the District Court correctly observed that although the government's allegations pertaining to his role in the overdose death "were never charged and proved," they heavily influenced Lawton's plea negotiations. App. 10. The record supports the District Court's assessment. During oral argument on Lawton's request for substitute counsel, Lawton chose to move forward with the plea agreement immediately after the government stated it would consider the plea agreement rejected and potentially bring charges associated with the overdose death. Also, Lawton's initial counsel explained in a letter exhibit that the government agreed not to file a § 851 Information or superseding indictment in exchange for Lawton's guilty plea, and subsequent counsel agreed that the potential charge pertaining to the overdose death "was likely material" to Lawton's decision to plead guilty. Supp. App. 23, 34. Thus, the District Court correctly focused upon the benefits the plea agreement conferred upon Lawton, as contemplated in *Hughes*, 138 S. Ct. at 1777. Lawton has not shown that the District Court erred in its analysis, and his constitutional and statutory arguments lack merit.

\*     \*     \*

We will affirm the order of the District Court.