NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3849
_____

CHRISTOPHER ERWIN,
                            Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-17-cv-05156)
District Judge: Hon. Peter G. Sheridan
_____

Submitted Under Third Circuit LAR 34.1(a)
June 13, 2022

Before: HARDIMAN, SMITH, and FISHER, *Circuit Judges*.

(Filed: July 18, 2022)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Christopher Erwin appeals the District Court's order denying his motion to set aside his sentence under 28 U.S.C. § 2255. Erwin claims the District Court should have held an evidentiary hearing on his ineffective assistance of counsel claim. Because Erwin cannot show prejudice, we will affirm.

I[1]

Erwin and twenty-one others were charged with conspiring to possess and distribute oxycodone. *See* 21 U.S.C. §§ 841(a), (b)(1)(C), 846. Erwin agreed to cooperate with the Government's investigations and pleaded guilty. Erwin waived his right to appeal and the Government promised to request a downward departure at sentencing if Erwin provided substantial assistance. While the Government did move for a downward departure, the sentencing court departed downward from Erwin's Guidelines range of 262–327 months rather than his statutory maximum sentence of 240 months. The District Court sentenced him to 188 months' imprisonment—well in excess of his lawyer's prediction of no more than 120 months. Erwin appealed, in violation of his plea agreement, and we remanded for de novo resentencing. *See United States v. Erwin*, 765 F.3d 219, 223 (3d Cir. 2014). Back in the District Court, the Government requested an

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2255. We have appellate jurisdiction under 28 U.S.C. §§ 1291, 2253.

increased sentence because of Erwin's violation of the plea agreement. The District Court then sentenced Erwin to 200 months' imprisonment.

Erwin moved to set aside his sentence under 28 U.S.C. § 2255, arguing that his attorney rendered ineffective assistance by assuring him of no more than 120 months' imprisonment. The District Court denied the motion. We granted a certificate of appealability to determine whether an evidentiary hearing was necessary.

II

The District Court was required to hold a hearing "[u]nless the motion and the files and records of the case conclusively show[ed] that [Erwin was] entitled to no relief." 28 U.S.C. § 2255(b). But if a claim of ineffective assistance "clearly fails to demonstrate either deficiency of counsel's performance or prejudice to the defendant, then the claim does not merit a hearing." *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021) (quoting *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir. 1988)).

The District Court did not err when it concluded that Erwin could not demonstrate prejudice. Erwin's allegations did not show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty." *United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

We accept as true Erwin's allegations that his counsel misadvised him of the starting point for the downward departure offered in exchange for his cooperation and assured him that "the worst he could expect was 120 months of incarceration." App. 279 n.5; *see also* App. 280. We also grant that Erwin's motivation for his plea and cooperation was "to return to some portion of his son's youth" after he finished serving

3

his sentence. App. 286. According to Erwin, but for counsel's mistaken advice on his sentencing exposure, he would have proceeded to trial or entered an open plea. Even assuming counsel's deficient performance in all these respects, the District Court's fulsome plea colloquy obviated any potential prejudice.

The District Court clearly advised Erwin of his sentencing exposure. We agree with the District Court that Judge Wolfson's plea colloquy with Erwin was "extensive." App. 10. Specifically, Judge Wolfson cautioned Erwin that § 841(b)(1)(C) carries "a statutory maximum penalty of 20 years['] imprisonment." App. 358. Erwin stated he expected an offense level of 39, understood that the offense carried a maximum sentence of 20 years, and affirmed that his sentence "may be different from any estimate [his] attorney may have given [him]." App. 361, 363. Judge Wolfson also advised Erwin that "at this point it may be impossible for [counsel] to make a completely accurate assessment as to the Guidelines range which will actually apply in your case because he does not yet have all the necessary information and has not seen the Presentence Report." App. 362. Erwin affirmed Judge Wolfson's warning, and we take him at his word that he understood. *See id.*

So regardless of what Erwin's lawyer told him, he was on notice of his sentencing exposure and the limits of his attorney's sentencing predictions. Accepting Erwin's allegations of misadvice as true, his lawyer's expectation of a downward departure from the statutory maximum was a faulty sentencing prediction. As we have noted, "[A]n erroneous sentencing prediction by counsel is not ineffective assistance of counsel where . . . an adequate plea hearing was conducted." *United States v. Shedrick*, 493 F.3d 292,

4

299 (3d Cir. 2007) (citations omitted); *cf. Lee v. United States*, 137 S. Ct. 1958, 1968 n.4 (2017) (holding that plea colloquy did not cure prejudice of counsel's incorrect advice where that incorrect advice was provided during the plea colloquy and undermined the court's question).

While defendants might expect a more lenient sentence than the statutory maximum, "all that the law requires is that the defendant be informed of his/her exposure in pleading guilty. The law does not require that a defendant be given a reasonably accurate 'best guess' as to what his/her actual sentence will be." *United States v. Mustafa*, 238 F.3d 485, 492 n.5 (3d Cir. 2001). In other words, surprise or disappointment do not establish prejudice. Erwin's cooperation agreement neither guaranteed a five-level downward departure nor specified a starting point. And most significantly, it cautioned that his sentence remained "solely to the discretion of the sentencing judge." App. 331. Judge Wolfson had no obligation to depart downward, and her plea colloquy informed Erwin of his sentencing exposure. Because Erwin cannot establish prejudice in view of the textbook plea colloquy, no evidentiary hearing was required. We will therefore affirm.

SMITH, *Circuit Judge*, dissenting.

Christopher Erwin claims that he would have taken any risk necessary for the chance of obtaining a sentence that would see him released in time for the remainder of his son's childhood. He contends that in entering a plea bargain he relied to his detriment on misadvice from counsel that a substantial assistance departure would begin from the applicable statutory maximum, which was lower than the calculated Guidelines range. When granted, however, the departure was made from the higher Guidelines range. In bringing his ineffective assistance of counsel claim, Erwin alleges that, had he known the departure would be applied from the Guidelines range, he would have taken his chances at obtaining his desired sentence by entering an open plea or by going to trial.

I readily concede that Erwin's theory of harm would have required him to surmount a steep climb. He would have needed to establish (1) that counsel unreasonably advised him that the District Court would apply any downward departure granted from his statutory maximum sentence, not his Guidelines range, which exceeded the statutory maximum; (2) that the District Court's plea colloquy did not disabuse him of counsel's misadvice; (3) that he was relying on counsel's misadvice regarding the downward departure point, not counsel's sentencing exposure estimate, in pleading guilty, with the hope of completing his sentence in time to experience the remainder of his son's childhood; and (4) that but for

1

counsel's misadvice, he would have risked a substantial increase in sentencing exposure by entering an open plea or proceeding to trial.

Here, however, the question presented is not whether Erwin is entitled to relief but whether the District Court erred by not granting Erwin a hearing. If a Section 2255 movant alleges facts capable of satisfying each part of his theory, "a hearing must be held." *United States v. Arrington*, 13 F.4th 331, 334 (3d Cir. 2021) (applying 28 U.S.C. § 2255(b)'s command that "the court shall . . . grant a prompt hearing" unless the movant's claim is "conclusively" undermined by the record).

In my view, Erwin has met his limited burden at this stage.[1] Because the District Court erred in denying his claim without first holding a hearing, I would vacate the District Court's order and remand.

*       *       *

The majority would affirm the denial of Erwin's claim without a hearing because it views the District Court's plea colloquy as sufficient to disabuse him of his counsel's misadvice regarding the downward departure point. Yet the plea colloquy was silent as to the point from which a downward departure would be calculated, and in fact at sentencing over a year later, the government stated that

---

[1] We read *pro se* petitions such as Erwin's "generously." *United States v. Santarelli*, 929 F.3d 95, 103 (3d Cir. 2019) (citation omitted).

"because of the [statutory] cap . . . there may be some question as to where to start" its requested downward departure. A102. Thus, the plea colloquy could not have rendered harmless counsel's erroneous advice to Erwin—and Erwin has *prima facie* satisfied Part 2 of the four aspects of his theory of harm—unless Erwin's reliance on counsel was not with respect to his advice regarding the starting point of the downward departure but instead based solely on his estimate of a 120-month sentence. *See United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007) ("we have long held that an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where, as here, an adequate plea hearing was conducted" (collecting cases)). Only then would counsel's error have been cured by the part of the colloquy that apprised Erwin of the District Court's sentencing discretion and the 240-month maximum.

Erwin, however, plausibly contends in his *pro se* motion that he entered the plea agreement based on his understanding that "the statutory maximum sentence was effectively [his] Guidelines range, and a [Section] 5K1.1 downward departure would begin from that starting point." A282. That contention is supported by his wife's sworn declaration stating that counsel "always began his sentence analysis with a Guidelines range of 240 months, and would count down from that point." A294. So for purposes of determining whether Erwin is entitled to a hearing, Erwin has *prima facie* established Part 3 of the four aspects of his theory of harm,

3

and we should assume then that Erwin pleaded in reliance on counsel's advice regarding the downward departure point, not counsel's sentencing prediction.

As to Part 1 of his theory of harm, Erwin plausibly alleges both that counsel represented to him that a downward departure would start from the mandatory maximum—he and his wife both attested to that advice[2]—and that counsel did so even though he had "no case law" to support his advice. A292. Counsel's neglect was compounded by his failure to ensure pursuant to USSG § 5G1.1(a) that a downward departure would be applied starting from the mandatory maximum, *see United States v. Erwin*, 765 F.3d 219, 225–28 (3d Cir. 2014) (holding that Erwin's appellate waiver barred his direct appeal of the downward departure point), as is now required under a decision that we issued after Erwin's sentencing, *see United States v. Rivera Cruz*, 904 F.3d 324, 327 (3d Cir. 2018) ("a [Guidelines] range . . . that falls entirely *above* a statutory maximum will typically 'drop[] out of the case'" (quoting *Koons v. United States*, 138 S. Ct. 1783, 1788 (2018) and citing USSG § 5G1.1(a)) (emphasis in original)).

And on Part 4, Erwin plausibly asserts that, but for his counsel's misadvice, he would have gone to trial or entered an open plea in lieu of accepting the plea

---

[2] Erwin's counsel, in an affidavit submitted along with the government's answer to Erwin's Section 2255 motion, does not deny that he advised Erwin that any downward departure would be applied from his statutory maximum sentence.

bargain. Even if going to trial or pleading openly would have almost certainly increased his sentencing exposure—amounting to "throwing a 'Hail Mary'"—a criminal defendant can still be prejudiced by his counsel's misadvice during plea bargaining if the defendant proves that he would have taken those odds but for his counsel's error. *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).

Erwin claims he would have taken any risk necessary for the chance of obtaining a sentence that would see him released in time to experience the remainder of his son's childhood. So he has adequately alleged that, had he known that the downward departure would start from the mandatory maximum—that the Guidelines range he was hoping for would have required an eight-level departure[3]—he would have pursued the "smallest chance of success" at trial or by pleading openly. *Id.* at 1966. After all, "calculation of the Guidelines range can rarely be shown not to affect the sentence imposed," *United States v. Langford*, 516 F.3d 205, 213 (3d Cir. 2008), and the starting point of a downward departure is a key component of a Guidelines range calculation. Thus, Erwin has stated a *prima facie* claim that counsel's error deprived him of his right to be "reasonably

---

[3] A 120-month sentence, which would have seen Erwin released in time to experience the remainder of his son's childhood, falls within the 108-to-135 month range associated with Offense Level 31 for Erwin's Criminal History Category of I under the 2012 edition of the Sentencing Guidelines that applied to Erwin. U.S. SENT'G GUIDELINES MANUAL, Ch. 5 Pt. A (U.S. SENT'G COMM'N 2012). Erwin's Offense Level was 39.

informed" of his chances of obtaining his desired result in entering the plea agreement. *United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015).

\*                \*                \*

I grant that Erwin would have had his work cut out for him in order to succeed on the merits of each of the four components of his theory of harm. Failure with respect to any one part would have meant denial of his claim for relief. His long odds of succeeding, however, should have been an indication that a hearing would have quickly uncovered any flaws in Erwin's theory.

Because I would have remanded Erwin's claim for a hearing on the merits, I respectfully dissent.