**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2570
_____

UNITED STATES OF AMERICA

v.

MAURICE LEWIS,
a/k/a MO,
a/k/a REESE,
a/k/a BLACKMAN,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:01-cr-00231-001)
District Judge: Honorable Paul S. Diamond

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on March 17, 2023

Before: SHWARTZ, BIBAS, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: March 21, 2023)

_____

_____

OPINION*
_____

PER CURIAM

Federal prisoner Maurice Lewis appeals pro se from the District Court's decision denying his motion for a sentence reduction filed pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will affirm that judgment.

I.

In 2003, Lewis pleaded guilty in the District Court to, among other crimes, conspiracy to distribute more than five kilograms of cocaine and possession of a firearm in furtherance of a drug trafficking crime. Because "Lewis had committed two prior drug felonies[,] . . . his crimes yielded a mandatory minimum sentence of life imprisonment on the conspiracy charge and of five years (to be served consecutively) on the firearm-possession charge." United States v. Lewis, 274 F. App'x 223, 224 (3d Cir. 2008). The District Court imposed that sentence, and we affirmed that judgment. See id. Later, the District Court denied his 28 U.S.C. § 2255 motion attacking his sentence, and we denied his related request for a certificate of appealability. See C.A. No. 09-4603.

"In 2014, the United States Sentencing Commission promulgated Amendment 782 to the [Sentencing] Guidelines, which retroactively reduced by two levels the base offense for many drug quantities . . . ." United States v. Martin, 867 F.3d 428, 430 (3d Cir.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2017). A few years later, Lewis filed a pro se § 3582(c)(2) motion in the District Court, seeking to reduce his sentence based on Amendment 782. The Government opposed that motion. In July 2022, the District Court denied the motion, concluding that (1) Lewis was not eligible for a sentence reduction because he was subject to the aforementioned mandatory minimums, and (2) to the extent that he was now challenging those mandatory minimums or alleging that other errors were made at sentencing, he could not pursue those issues in a § 3582(c)(2) proceeding. This appeal followed.[1]

II.

The District Court did not err in denying Lewis's § 3582(c)(2) motion. To be eligible for a sentence reduction under that statute, the movant's sentence must be "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." United States v. Flemming, 723 F.3d 407, 410 (3d Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)). But Lewis cannot meet this eligibility requirement because his sentence is based on statutory mandatory minimums. See United States v. Ortiz-Vega, 744 F.3d 869, 873 (3d Cir. 2014) ("[I]f a defendant is subjected to a mandatory minimum, he or she would not [have] a sentence based on a sentencing range that has subsequently been lowered [by the Sentencing Commission]." (internal quotation marks omitted)). And to the extent that he challenges the applicability of those mandatory minimums or otherwise collaterally attacks his sentence, the District Court correctly concluded that he cannot do so in a §

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and "[w]e review de novo a district court's determination that a defendant is ineligible for relief under 18 U.S.C. § 3582(c)(2)." United States v. Rivera-Cruz, 904 F.3d 324, 327 (3d Cir. 2018).

3582(c)(2) proceeding.  See <u>Dillon v. United States</u>, 560 U.S. 817, 831 (2010).  Accordingly, we will affirm the District Court's judgment.